UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JULIO VILLA, on behalf of himself and all others similarly situated,

                *Plaintiff.*

-against-

BFF FOOD CORP D/B/A FOODTOWN, SBE MEAT CORP, MELISSA ESTEVEZ A/K/A "MELISSA FERNANDEZ", and MICHAEL FERNANDEZ,
                *Defendants.*

**COMPLAINT AND JURY TRIAL DEMAND**

---

Plaintiff JULIO VILLA ("Plaintiff"), by and through his undersigned counsel, hereby alleges against Defendants BFF FOOD CORP D/B/A FOODTOWN, SBE MEAT CORP, MELISSA ESTEVEZ A/K/A "MELISSA FERNANDEZ", and MICHAEL FERNANDEZ, (collectively "Defendants"), on behalf of himself and all others similarly situated, as follows:

**NATURE OF THE ACTION**

1. This action is brought by Plaintiff, on behalf of himself and all similarly situated employees, to recover unpaid wages, overtime pay, minimum wages, and other damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the New York Labor Law ("NYLL"), and the New York Codes, Rules and Regulations ("NYCRR").

2. Plaintiff also seeks damages and other relief for Defendant's willful misreporting of his wages to federal tax authorities, which resulted in Plaintiff incurring additional tax liabilities, in violation of 26 U.S.C. § 7434 (fraudulent filing of information returns).

3. In addition, Plaintiff asserts claims under New York common law for assault and/or battery, stemming from Defendant's owner or agents physically accosting Plaintiff in the workplace.

4. Plaintiff was terminated from his employment on or about February 11, 2025, under circumstances suggesting retaliation and/or wrongful termination in violation of his rights under federal and state law.

5. Plaintiff and similarly situated employees have been victims of the same policies and practices of Defendant, including failing to pay lawful wages for all hours worked and failing to pay overtime compensation. Plaintiff, therefore, brings this lawsuit as a collective action under the FLSA, 29 U.S.C. § 216(b), and seeks class certification under Federal Rule of Civil Procedure 23 for the NYLL claims.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and by 29 U.S.C. § 216(b), as this action arises under the FLSA and other federal statutes.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same set of operative facts and form part of the same case or controversy.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the events giving rise to Plaintiff's claims occurred within this District, and Defendant conducts substantial business within this District.

**PARTIES**

**A.     Plaintiff**

9. Plaintiff Julio Villa is a resident of the State of New York. Plaintiff was employed by Defendant from approximately 2009 until his termination on February 11, 2025.

10. Plaintiff was initially hired at a weekly salary of approximately $550 prior to the COVID-19 pandemic. Eventually, Plaintiff's pay was increased to approximately $800 per week,

but at all times relevant, he was paid below the applicable NYC minimum wage when accounting for actual hours worked.

11.     Plaintiff was paid partly or wholly in cash, which frequently concealed the true number of hours he worked and the true wages he earned.

12.     Plaintiff's job duties included, but were not limited to, receiving and unloading delivery trucks, stocking and organizing merchandise, covering for employees during breaks, handling customer service issues, and performing general maintenance and repairs around the store. Additionally, the plaintiff engaged in managerial tasks only in title, but without the authority or pay commensurate with such title.

13.     Although designated as a "General Manager," Plaintiff did not possess true managerial authority, did not have the power to hire or fire employees, and performed primarily manual labor and non-exempt tasks.

B.   **Defendants**

14.     Defendant BFF FOOD CORP D/B/A FOODTOWN ("BFF Food Corp") is a corporation organized under the laws of New York, with its principal place of business at 47-33 Bell Blvd., Bayside, New York 11361.

15.     Defendant SBE MEAT CORP ("SBE Meat Corp") is a corporation organized under the laws of New York, with its principal place of business at 47-33 Bell Blvd., Bayside, New York 11361.

16.     Defendant MELISSA ESTEVEZ A/K/A "MELISSA FERNANDEZ" ("Melissa Estevez") is an individual who, upon information and belief, is a resident of New York. At all relevant times, Melissa Estevez was an owner, manager, officer, and/or controlling person of

BFF Food Corp and SBE Meat Corp, with the authority to control the wages, hours, and working conditions of employees, including Plaintiff.

17. Defendant MICHAEL FERNANDEZ ("Michael Fernandez") is an individual who, upon information and belief, is a resident of New York. At all relevant times, Michael Fernandez was an owner, manager, officer, and/or controlling person of BFF Food Corp and SBE Meat Corp, with the authority to control the wages, hours, and working conditions of employees, including Plaintiff.

18. At all relevant times, BFF Food Corp, SBE Meat Corp, Melissa Estevez, and Michael Fernandez operated as a single, integrated enterprise in the ownership and operation of a supermarket or series of supermarkets throughout New York City. The individual defendants exercised significant control over the corporate entities' labor policies, wage payments, and day-to-day operations.

19. At all relevant times, Defendants were employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

20. Defendants controlled significant aspects of Plaintiff's employment, including Plaintiff's rate of pay, work schedule, and the manner in which he was paid.

## STATEMENT OF FACTS

21. Plaintiff began working for Defendant in or around 2009.

22. Over the course of his employment, Plaintiff generally worked seven days per week for approximately 58 hours total, with hours typically being Monday, Tuesday, Thursday and Saturday from 7 a.m. to 4 p.m., Wednesday and Friday from 7 a.m. to 3 p.m., and Sunday from 7 a.m. to 12 p.m.

23. Plaintiff was paid a weekly salary of $800 per week during certain periods, and only $550 per week prior to the pandemic, irrespective of how many hours he worked.

24. Plaintiff consistently worked over forty hours each week without receiving overtime compensation at the required rate of one and one-half times his regular wage, in violation of both the FLSA and NYLL.

25. When accounting for Plaintiff's actual hours worked into his weekly salary, he was being paid less than the minimum wage required under the NYLL.

26. Defendants did not provide a proper lunch break for Plaintiff.

27. Plaintiff was instructed to punch in and punch out at every shift. Plaintiff has copies of a few of his time cards, which confirm that he would work over 40 hours and not receive overtime compensation.

28. This pay structure violated both the FLSA and the NYLL because it did not provide overtime premium pay for hours worked above 40 in a workweek and failed to reflect the accurate number of hours worked.

29. Plaintiff was frequently paid in cash, which concealed the true extent of his hours and the wages owed. Defendant also underreported Plaintiff's actual wages to tax authorities, causing Plaintiff to incur liability for taxes on amounts he never actually received.

30. As a result of this underreporting, Plaintiff was audited and/or otherwise held liable for taxes that were falsely attributed to him. Defendant knowingly or recklessly filed fraudulent tax documents in violation of 26 U.S.C. § 7434.

31. While employed by Defendant Michael Fernandez, Plaintiff was subjected to unwanted physical conduct by Defendant's owner or agents, who would hit, choke, or grab

Plaintiff in what was purportedly "horseplay," but which Plaintiff found to be unwelcome, offensive, and harmful.

32. On or about January 30, 2025, Plaintiff's boss informed him that there would be "changes in general within the store." Plaintiff later learned he was the only employee affected by these supposed "changes".

33. Defendant Michael Fernandez indicated Plaintiff should "find somewhere else to work" and offered to help him do so, but provided no legitimate reason for Plaintiff's termination.

34. Plaintiff was never compensated for overtime hours owed to him, nor was he paid the proper minimum wage in violation of federal and state wage-and-hour laws. Plaintiff's termination was retaliatory and wrongful, depriving him of wages and benefits to which he was entitled.

35. Plaintiff brings these claims on behalf of himself and all similarly situated current and former employees who were subjected to Defendant's policies of: (1) failing to pay minimum wage under the NYLL, (2) failing to pay overtime for hours worked in excess of forty (40) per workweek under both the NYLL and FLSA, (3) making or causing false wage reporting to the IRS, and (4) paying employees in cash to avoid proper wage compliance.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of himself and all other current and former employees of Defendant who performed similar duties and were similarly underpaid. These employees suffered from Defendant's common compensation policies and practices, including not receiving proper wages and overtime pay.

37. The members of the proposed collective are similarly situated in that they have all been subjected to Defendant's uniform policies of failing to pay all wages due, failing to pay minimum wage, failing to pay overtime, and underreporting wages to tax authorities.

38. Plaintiff seeks certification of this action as a collective action under the FLSA, 29 U.S.C. § 216(b), and requests that notice be sent to all similarly situated individuals.

## STATEMENT OF CLAIM

### *COUNT I: Fair Labor Standards Act (Failure to Pay Overtime)*

39. Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth above as if fully set forth herein.

40. At all relevant times, Defendant was an "employer" and Plaintiff was an "employee" under the FLSA.

41. Defendant failed to pay Plaintiff and similarly situated employees at the statutorily required overtime rate of one and one-half times their regular rate for hours worked in excess of forty (40) per workweek.

42. Defendant's actions were willful and in reckless disregard of the FLSA's requirements.

43. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered damages, including unpaid overtime, and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

### *COUNT II: New York Labor Law (Failure to Pay Overtime and Minimum Wage, Wage Theft Prevention Act Violations)*

44. Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth above as if fully set forth herein.

45. At all relevant times, Plaintiff and similarly situated employees were "employees," and Defendant was an "employer" under the NYLL.

46. Defendant violated the NYLL by failing to pay Plaintiff the legally required minimum wage for each hour worked and the overtime premium for hours worked in excess of forty (40) per week.

47. Defendant failed to provide Plaintiff with proper wage notices and wage statements, in violation of the New York Wage Theft Prevention Act, NYLL § 195(1) and (3).

48. As a result of Defendant's willful violations, Plaintiff and similarly situated employees are entitled to recover unpaid wages, liquidated damages, statutory damages, prejudgment interest, attorneys' fees, and costs under the NYLL.

### *COUNT III: Violation of 26 U.S.C. § 7434 (Fraudulent Filing of Information Returns)*

49. Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth above as if fully set forth herein.

50. Defendant knowingly and willfully filed, or caused to be filed, false information returns (e.g., W-2s or 1099s) with respect to Plaintiff's wages.

51. Defendant's conduct caused Plaintiff to incur tax liabilities on wages he did not receive, or otherwise misrepresented Plaintiff's earnings to the IRS.

52. Pursuant to 26 U.S.C. § 7434, Plaintiff is entitled to damages in an amount equal to the greater of $5,000 per fraudulent return or actual damages, in addition to punitive damages, attorneys' fees, and costs.

### *COUNT IV: Assault and/or Battery (New York Common Law)*

53. Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth above as if fully set forth herein.

54. Defendant Michael Fernandez and/or other agents of Defendants intentionally made harmful and offensive contact with Plaintiff's person by hitting, choking, and/or grabbing him without his consent.

55. Plaintiff did not consent to such physical contact and found it to be unwelcome, offensive, and harmful.

56. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical and emotional harm and damages.

57. Defendants' conduct was intentional, reckless, and/or outrageous, warranting an award of punitive damages.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that this Court grant the following relief:

  i. An award for unpaid overtime compensation due under the New York Labor Law;

  ii. Certification of this action as a collective action under 29 U.S.C. § 216(b), and prompt issuance of notice to all similarly situated persons;

  iii. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

  iv. An award of unpaid minimum wages, unpaid overtime compensation, and liquidated damages under the FLSA and the NYLL;

  v. Statutory damages under the New York Wage Theft Prevention Act;

  vi. Compensatory and punitive damages for Defendant's assault and/or battery of Plaintiff, and for wrongful termination or retaliation;

vii. An award of damages under 26 U.S.C. § 7434 for the fraudulent filing of tax information returns, including statutory damages of $5,000 per fraudulent return or actual damages (whichever is greater), punitive damages, attorneys' fees, and costs;

viii. Prejudgment and post-judgment interest;

ix. An award of reasonable attorneys' fees and costs of this action;

x. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 10, 2025
New York, New York

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat
675 Third Avenue, Suite 1810
New York, NY 10017
718-669-0714
646-556-6112
mgangat@gangatpllc.com

*Attorneys for Plaintiff*